<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4159**

———————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DENISE YVONNE ALEXANDER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:10-cr-00735-TLW-1)

———————

Submitted:  October 13, 2011      Decided:  October 17,2011

———————

Before SHEDD, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James P. Rogers, Assistant Federal Public Defender, Columbia, South Carolina; Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Denise Yvonne Alexander pled guilty to possession with intent to distribute 50 kilograms or more of marijuana. She was sentenced to 21 months in prison. On appeal, Alexander's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether Alexander's plea was valid and whether the district court provided appropriate reasoning for the chosen sentence. Counsel concludes, however, that the issues are without merit. Alexander was advised of her right to file a pro se supplemental brief but did not file such a brief. We affirm.

After reviewing the transcript of Alexander's Fed. R. Crim. P. 11 proceeding, we conclude that the district court fully complied with Rule 11. Further, Alexander's plea was knowing and voluntary and not the result of threats or any promises other than those in the plea agreement. Finally, the district court determined that there was a factual basis for the plea.

Next, our review of the record convinces us that the district court provided appropriate reasoning for Alexander's sentence. The court was required to make an individualized assessment in imposing sentence and sufficiently state its reasons for the chosen sentence. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Here, the court explicitly

2

considered the statutory factors and Alexander's request for a variance on the record and weighed the seriousness of the crime against the mitigating circumstances. Thus, we find no procedural error in the imposition of sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform Alexander, in writing, of her right to petition the Supreme Court of the United States for further review. If Alexander requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move for leave to withdraw at that time. Counsel's motion must state that a copy was served on Alexander. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3